UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BASHE ABDI YOUSEF, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 05-mc-00110 (RBW) |
| | ) | |
| v. | ) | |
| | ) | |
| MOHAMED ALI SAMANTAR, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OF THE U.S. DEPARTMENT OF STATE IN OPPOSITION
TO MOTION TO COMPEL COMPLIANCE WITH A RULE 45 SUBPOENA**

Plaintiffs, who have been relieved of the obligation to conduct any other discovery in

their underlying case by virtue of a stay of discovery entered by the District Court for the Eastern

District of Virginia, seek, in these proceedings, to enforce a subpoena served on the U.S.

Department of State ("State Department" or "Department").  The Department of State hereby

opposes plaintiffs' Motion to Compel Compliance with a Rule 45 Subpoena on the grounds that

(1) plaintiffs cannot enforce a Rule 45 subpoena against an agency of the Federal Government,

(2)  plaintiffs have failed to follow the required procedures when seeking to obtain information

from a federal government agency that is not a party to the underlying litigation, and (3)

plaintiffs' subpoena is so overbroad as to be oppressive, particularly where no information from

any other source has been subject to discovery.

**I.     RULE 45 DOES NOT AUTHORIZE THIRD-PARTY SUBPOENAS AGAINST
THE GOVERNMENT**

Federal Rule of Civil Procedure 45 authorizes parties to serve subpoenas on "persons"

who are not parties to litigation.  Fed. R. Civ. P. 45(a)(1)(C) ("Every subpoena shall . . .

command each <u>person</u> to whom it is directed to attend and give testimony or to produce and

permit inspection and copying" of documents or tangible things) (emphasis added).  As the D.C.

Circuit has suggested, a subpoena issued pursuant to Rule 45 may not be used to seek discovery

from an agency of the Federal Government because the term "person" as used in that Rule is

ordinarily, and presumptively, construed not to include the sovereign.  <u>See</u> <u>Al Fayed v. C.I.A.</u>,

229 F.3d 272, 276-77 (D.C. Cir. 2000) (holding that, under 28 U.S.C. § 1782(a), a statute

authorizing the issuance of subpoenas, there was "no affirmative evidence to disturb the

presumption that 'person' excludes the sovereign" in that statute); <u>see also</u> <u>Linder v. Calero-</u>

<u>Portocarrero</u>, 251 F.3d 178, 181-82 (D.C. Cir. 2001) ("Although our past decisions have assumed

that 'person' in Rule 45 included the federal government, we have never expressly so held and

our assumption may need to be reexamined in light of <u>Al Fayed</u>"); <u>id</u>. at 181 (finding that Section

1782 – the statute at issue in <u>Al-Fayed</u> – is "a statute similar in effect to Rule 45").

Indeed, this Court recently held that <u>Al Fayed</u> "compels the conclusion that the term

'person' in Rule 45 does not include the federal government."  <u>Lerner v. District of Columbia</u>,

Civil Action No. 00-1590, Memorandum Opinion at 9-10 (D.D.C., January 5, 2005) (Kessler, J.)

(attached as Ex. A).  As the Court in <u>Lerner</u> noted, <u>see</u> <u>id</u>. at 10-11, the Supreme Court has

construed similar language to exclude the United States, <u>see</u> <u>United States v. United Mine</u>

<u>Workers of Am.</u>, 330 U.S. 258, 275 (1947), and the "longstanding interpretive presumption" is

that the term "person" does not include the sovereign, <u>Vermont Agency of Natural Res. v. United</u>

<u>States ex rel. Stevens</u>, 529 U.S. 765, 780 (2000).  <u>See also</u> <u>Will v. Michigan Dept. of State</u>

<u>Police</u>, 491 U.S. 58, 64 (1989) ("in common usage, the term 'person' does not include the

sovereign, [and] statutes employing the [word] are ordinarily construed to exclude it.") (internal

quotes and citations omitted).  Applying this "longstanding interpretive presumption," this Court

in <u>Lerner</u> held that it lacked jurisdiction to subpoena the Federal Government under Rule 45. <u>See</u> Mem. Op. at 12.

Plaintiffs make three arguments in an effort to challenge the conclusion that this Court's decision in <u>Lerner</u> found to be compelled by the D.C. Circuit's decision in <u>Al-Fayed</u>. First, they argue that the Dictionary Act, 1 U.S.C. § 1, does not apply to the Federal Rules of Civil Procedure. <u>See</u> Pltfs' Mot. to Compel at 4. The decision of the D.C. Circuit in <u>Al-Fayed</u>, however, was not based solely on the Dictionary Act, but rather "more generally" on the "longstanding interpretive presumption that 'person' does not include the sovereign." 229 F.3d at 274 (citing <u>Vermont Agency of Natural Res.</u>, 529 U.S. at 1866). Such principles of statutory construction are generally given effect when interpreting the Federal Rules of Civil Procedure. <u>See</u>, <u>e.g.</u>, <u>Dillon v. United States</u>, 184 F.3d 556, 564 (6th Cir. 1999) (citing <u>Business Guides v. Chromatic Communications Enter., Inc.</u>, 498 U.S. 533, 540-41 (1991)). Indeed, the D.C. Circuit itself recognized that its "assumption" that Rule 45 applied to the government "may need to be reexamined in light of <u>Al Fayed</u>." <u>Linder</u>, 251 F.3d at 181.

Second, plaintiffs rely heavily on the fact that the D.C. Circuit in <u>Linder v. Calero-Portocarrero</u> held that "federal agencies cannot, in view of our precedents, claim sovereign immunity to avoid compliance with third-party subpoenas." 251 F.3d at 180. This holding has no bearing on the argument made here on behalf of the Department of State. The Department does not argue that sovereign immunity renders it immune from service of a federal court subpoena, but rather that ordinary principles of statutory construction should be applied to reach the conclusion that Rule 45 does not apply to the federal government. As the D.C. Circuit identified in <u>Linder</u>, the argument that sovereign immunity precludes application of Rule 45 and the argument that Rule 45 should not be found, as a matter of construction, to apply to the federal

government are entirely separate principles.  See <u>Linder</u>, 251 F.3d at 181-82 ("Whether Rule 45's use of the word 'person' should exempt the federal government . . . is purely a question of statutory interpretation").  A statutory construction argument – such as the one made here – is waivable, and the D.C. Circuit's decision in <u>Linder</u> is limited to a finding that the government had waived the argument by failing to raise it below, <u>see id.</u>, and thus, it did not address the argument on the merits.  Arguments based on statutory construction, however, need not be waived, and the Department of State does not waive the argument here.

Finally, plaintiffs point to decisions of the D.C. Circuit and other courts that pre-date <u>Al Fayed</u> to argue that both the courts and the government had previously accepted the applicability of Rule 45 to the federal agencies.[1]  Yet, as the <u>Linder</u> court explicitly recognized, "[a]lthough our past decisions have assumed that 'person' in Rule 45 included the federal government, we have never expressly so held and our assumption may need to be reexamined in light of <u>Al Fayed</u>."  251 F.3d at 181-82.  Judge Kessler in the <u>Lerner</u> opinion conducted just such a reexamination and determined that <u>Al Fayed</u> "compel[led] the conclusion" advanced by the State Department here, <u>i.e.</u>, that, under ordinary, and presumptively valid, rules of statutory construction, a Rule 45 subpoena cannot be enforced against an agency of the federal government.  Under Judge Kessler's reasoning – and as suggested by the D.C. Circuit – this Court is compelled to reach the same conclusion.  On these grounds, plaintiffs' Motion to Compel should be denied.

---

[1]  Plaintiffs' recitation of Rule 30(b)(6)'s language including "government agencies" as among those subject to subpoenas, <u>see</u> Pltfs' Mot. to Compel at 5, is unavailing, because local governments remain subject to Rule 45 subpoenas.

## II.   PLAINTIFFS' MOTION MUST BE DENIED BECAUSE THEY HAVE FAILED TO FOLLOW APPROPRIATE PROCEDURES

As plaintiffs acknowledge, the Department of State has regulations which govern the processing of requests for information made to it when it is not a party to the underlying litigation.  These procedures, set forth in the Department's <u>Touhy</u> regulations, 22 C.F.R. Part 172, are named for the decision of the Supreme Court in <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951).  <u>Touhy</u> regulations are regulations promulgated by federal agencies which prohibit federal employees from releasing documents or testifying as to agency information pursuant to a subpoena unless authority to do so is granted by the appropriate agency authority.

<u>Touhy</u> regulations are a valid exercise of agency authority, and they serve to "centraliz[e] determinations [within the agency] as to whether subpoenas . . . will be willingly obeyed or challenged," thereby avoiding "the possibilities of harm from unrestricted disclosure in court." <u>Touhy</u>, 340 U.S. at 468.  <u>Touhy</u> regulations also serve the legitimate purposes of  "conserv[ing] governmental resources where the United States is not a party to a suit and . . . minimiz[ing] governmental resources in controversial matters unrelated to official business." <u>Boron Oil Co. v. Downie</u>, 873 F.2d 67, 73 (4th Cir. 1989).  As the Court of Appeals for the Fourth Circuit has described, "[w]hen an agency is not a party to an action, its choice [under its <u>Touhy</u> regulations] of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources." <u>COMSAT Corp. v. National Science Foundation</u>, 190 F.3d 269, 278 (4th Cir. 1999).

Under the doctrine set forth in <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462, 465, 470 (1951), a litigant may not utilize a Rule 45 subpoena to compel an agency employee to produce government documents or testimony, but instead must present his request to the agency and, in the first instance, allow the agency to make a centralized decision under its regulations.

After the agency makes its decision, that decision is subject to review under the Administrative

Procedure Act ("APA"), 5 U.S.C. § 701, et seq.  See COMSAT Corp., 190 F.3d at 274 ("When

the government is not a party, the APA provides the sole avenue for review of an agency's refusal

to permit its employees to comply with subpoenas."); accord Houston Business Journal, Inc. v.

OCC, 86 F.3d 1208, 1212 n.4 (D.C. Cir. 1996); Lerner, Mem. Op. at 6 (where agencies do not

produce requested information, plaintiff's "sole remedy . . . is to file a collateral action in federal

court under the APA") (citing Houston Business Journal, supra).

Plaintiffs' submitted a Touhy request to the Department of State, but, as described below,

given the substantial investigation that has been required to determine whether responsive

documents might be retrieved for review and the time that the Department would have to commit

to reviewing those documents, that request is still under consideration and has not been acted

upon.  Until such time as the Department issues a decision under its regulatory procedures,

plaintiffs lack a basis for challenging the actions of the Department in response to that request.

See 5 U.S.C. § 704 (allowing judicial review of "final agency action").  Plaintiffs' motion to

compel, accordingly, must be denied.  See Lerner, Mem. Op. at 7 (denying motion to compel

because "Plaintiff has failed to file a collateral action in federal court under the APA

challenging" the agency's Touhy decision).

## III.  PLAINTIFFS' SUBPOENA IS OVERBROAD AND BURDENSOME AND SHOULD NOT BE ENFORCED

### A.    The State Department Has Not Waived its Objections to Plaintiffs' Subpoena

Plaintiffs' subpoena was served on the Department of State on December 22, 2004, in the

midst of the holiday period when many federal employees are traditionally out on leave.  The

Department of Justice – which represents the Department of State in litigation matters – received

the subpoena from the State Department on January 13, 2005, and undersigned counsel promptly

advised counsel for plaintiffs by telephone that the subpoena had been received.  After

appropriate consultations between undersigned counsel and the Department of State, an objection

letter on behalf of the Department of State was sent the very next day, on January 14, 2005.

Plaintiffs contend that the Department of State's nine-day delay in serving objections to

their subpoena should constitute a complete waiver of any and all objections the Department may

have to the subpoena.  Although in certain circumstances, a court might find that a delay in

serving objections should be construed as a waiver, that is not the case here.  Instead, "[i]n

unusual circumstances and for good cause . . . the failure to act timely will not bar consideration

of objections."  Alexander v. F.B.I., 186 F.R.D. 21, 34 (D.D.C. 1998) (quoting Semtek Int'l, Inc.

v. Merkuriy Ltd., 1996 WL 238538, at *2 (N.D.N.Y. May 1, 1996)).  Courts have found such

unusual circumstances where:  (1) the subpoena is overbroad on its face and exceeds the bounds

of fair discovery; (2) the subpoenaed party is a nonparty acting in good faith; and (3) counsel for

the subpoenaed party and counsel for subpoenaing party were in contact concerning the

subpoenaed party's compliance prior to the time the subpoenaed party challenged the legal basis

for the subpoena.  Id. (internal citations and quotations omitted).

All three of the circumstances considered by courts when determining that no waiver will

be effected exist here.  Plaintiffs' subpoena, as described more fully herein, is considerably

overbroad and burdensome.  Moreover, the State Department is a third party to this litigation and

has been diligently attempting to determine, in good faith, what it might be able to do to comply

with plaintiffs' substantially broad subpoena.  It is entitled, therefore, to "consideration regarding

expense and inconvenience."  See Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 52

(S.D.N.Y. 1996) (citing Semtek, 1996 WL 238538, at *2).  Finally, undersigned counsel for the

State Department contacted plaintiffs' counsel immediately upon receipt of the subpoena by the

Department of Justice to advise that the subpoena had been received and that an objection letter would be forthcoming.  In these circumstances, no waiver should be found.

### B.      Plaintiffs' Subpoena is Unduly Burdensome

Federal Rule of Civil Procedure 45 requires a party issuing a subpoena to a third party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."  Fed. R. Civ. P. 45(c)(1).  Under Rule 45(c)(3), a court is required to "quash or modify the subpoena if it fails to allow a reasonable time for compliance, . . . requires the disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden" (emphasis added); see also Linder v. Calero-Portocarrero, 180 F.R.D. 168, 173 (D.D.C. 1998) ("A request for relevant information may be denied if the request is unreasonable or oppressive").  In evaluating whether a subpoena imposes an undue burden, a court should consider "relevance, the need of the party for the documents, whether the request is cumulative and duplicative, the time and expense required to comply with the subpoena (relative to the responder's resources), and the importance of the issues at stake in the litigation."  Id. (citing, inter alia, Fed. R. Civ. P. 26(b)(2)).  A court may also consider "the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed."  Alexander, 186 F.R.D. at 35 (internal quotes and citation omitted).  Moreover, "whether compliance with a requested search would be unduly burdensome depends on the volume of material requested, the ease of searching for the requested documents in the form presented, . . . and whether compliance threatens the normal operations of the responding agencies."  Linder v. Calero-Portocarrero, 183 F.R.D. 314, 320 (D.D.C. 1998) (citations omitted).  Under these well-established standards, plaintiffs' subpoena is unduly burdensome.

Plaintiffs' subpoena requests information from the Department of State relating to 32 diverse subjects. Many of these requests seek information which could be obtained from any legitimate public reference source. See Declaration of George Taft ("Taft Decl."), attached as Exhibit B hereto, ¶¶ 2, 3. These requests include, for example, virtually all of those contained in Section B of plaintiffs' subpoena, which seek historical information related to the structure, organization and authorities of a variety of Somali governmental agencies and offices, see, e.g. Requests B.1, 2, 3, 4, 5, 6, 7, 8, and 9, or which require the production of all documents relating to sections of Somali legal code or other official Somali government documents. See, e.g., Requests Nos. B.10, 11. Requests such as these, which could be easily satisfied from public sources or by retention of a recognized expert, demonstrate no effort to minimize the burdens to be placed on a third-party served with a subpoena. Moreover, given the substantial breadth and scope of the State Department's duties abroad, a search for documents responsive to these sorts of requests would require the State Department to commit significant resources to the task of identifying documents, segregating classified documents from unclassified ones, reviewing documents for privilege or other concerns regarding confidentiality, and ascertaining whether classification designations may be lifted so as to allow production. See, e.g., Taft Decl. ¶¶ 3,5,6,7.

Similarly, a number of plaintiffs' requests lack reasonable limitations, such that attempting to comply with them would impose unreasonable search and review burdens on the State Department. For example, Request B.4 seeks "[d]ocuments relating to any meetings between U.S. Department of State personnel in the U.S. Embassy in Mogadishu and the Somali Ministry of Defense including but not limited to meeting with Mohamed Ali Samantar." Good faith searches conducted in response to requests such as these, which are limited neither by

subject matter or by date, have a substantial probability of generating "mountains of irrelavant documents." See Linder, 183 F.R.D. at 319 (finding that plaintiffs' search requests were unduly burdensome).[2]

Other requests, on their face, seek privileged or classified materials, in many cases generated by other agencies of the federal government, which require the State Department to review documents in order to be able to substantiate privileges; to submit documents classified by the State Department for the declassification review that is necessary before classified documents might be considered for public release; or, for documents generated or classified by other agencies, to refer those documents for appropriate review. See Taft Decl. ¶¶ 3,5,6,7. Request No. B.15, for example, seeks a classified document generated by the Central Intelligence Agency ("CIA"), which, even if it exists in the State Department's possession, could not be produced by the State Department absent a declassification decision from the CIA.   Similarly, Request No. B.16 seeks "DoD's Congressional Presentation Documents . . . ," while the requests seeking documents relating to the "International Military and Education Training Program," see Request Nos. C.5-10, seek documents generated by another agency. Taft Decl. ¶ 4.  The State Department is not in a position to authorize release of such documents. Id. ¶ 7.

The overbreadth of plaintiffs' subpoena is compounded by the fact that no discovery of any kind has been obtained from any other source in this case.  As plaintiffs explain, all

---

[2]   Indeed, the vast majority of plaintiffs' requests in Part B of their subpoena contain no date restriction whatsoever.  In response to the State Department's objection on this ground, plaintiffs' agreed to limit their requests to documents "relating to events from 1980 to 1990." Pltfs' Mot. to Compel, Ex. E at 3.  This limitation accomplishes little, as it is not limited to documents generated during that period and, in any event, requires the State Department to identify, collect and review at least a decade's worth of documents. See Linder, 183 F.R.D. at 319 n.6 ("A demand for documents should cover a reasonable time period to insure that the materials desired are sufficiently identified and to confine the search to relevant documents") (quoting United States v. Int'l Business Mach. Corp., 83 F.R.D. 97, 103 (S.D.N.Y. 1979)).

discovery in this case, except third-party discovery directed to governmental agencies, has been stayed.  <u>See</u> Pltfs' Mot. to Compel at 10 n.1.  Thus, the federal government agencies – which are not a party to this case and were not represented at whatever proceedings gave rise to the applicable discovery order – currently bear the full brunt of plaintiffs' discovery efforts. Plaintiffs make no attempt to describe what other efforts they have made to obtain the information they seek, much of which is available in the public domain, <u>see</u>, <u>e.g.</u>, **http://lcweb2.loc.gov/frd/cs/sotoc.html** (the Library of Congress's Federal Research Division's Country Study on Somalia),[3] <u>see</u> Taft Decl. ¶¶ 2,3, or could be attested to by any qualified expert on the history and governance of Somalia.  Nor do plaintiffs make any allowance for information that is more properly gathered from discovery directed at the parties to this suit.  Instead, plaintiffs have sought to use the State Department's records as a reference library, at great expense and inconvenience to the State Department.  Rule 45 does not countenance the enforcement of such a subpoena.  <u>See</u> <u>Pearce v. E.F. Hutton Group, Inc.</u>, 117 F.R.D. 477, 477 (D.D.C. 1986) (under the discovery rules, the Court is authorized to limit or restrict discovery where "the information sought is obtainable more conveniently from some other source" or where the party seeking the discovery "has already had ample opportunity to obtain the information sought").

### C.     The State Department Has Attempted To Collect Materials Which Might Reasonably be Reviewed for Responsiveness and Release

Despite the substantial overbreadth and burdensomeness of plaintiffs' subpoena, the State Department has been diligently engaged in attempting to identify potentially responsive

---

[3]  Stanford University also maintains an extensive public library of information relating to the history and government of Somalia, **http://library.stanford.edu/.**

documents.  Due to the length of time that has passed since the events in questions, many of the

responsive documents have been archived and/or destroyed pursuant to standard Department

procedures, and identifying and retrieving any existing documents from archives takes some

considerable time.  In addition, many of the documents requested by plaintiffs' subpoena are

classified, and thus, in addition to reviewing the documents for responsiveness, the Department

must engage the services of the Department's declassification unit to review the documents to

determine whether public release may be possible without endangering the foreign relations or

national security of the United States.

In an effort to ascertain the volume of documents that might be retrieved by conducting a

Department-wide search in response to plaintiffs' subpoena, the Department made two inquiries,

one to the Africa Bureau, and an electronic query to the Department's Central Foreign Policy

Records.  The Africa Bureau identified 39 boxes of potentially responsive material all of which

had been retired, or archived, given their age and subject matter.  Taft Decl. ¶ 7.  Further

inquiries revealed that all but one of these 39 boxes had been destroyed pursuant to records

disposition schedules for such records.  Id.  The Africa Bureau's effort, accordingly, ultimately

generated little fruitful result.  Additional inquiries of other bureaus within the Department were

not made in light of the significant burden that such a request would be expected to impose.

Id. ¶ 9.

The electronic search of the Central Foreign Policy Files, using search terms drawn from

plaintiffs' subpoena, resulted in the identification of more than 8,000 documents, the majority of

which (5,369) are classified.  Taft Decl. ¶ 6.  The Department is currently reviewing these

documents to determine if they are responsive to plaintiffs' subpoena, and estimates that it will

take three weeks to identify the responsive documents.  Id.  Responsive documents will then have

to be reviewed for privilege, and for those that are classified, for declassification decisions.

Although a firm estimate for the time that might be required to complete this process depends

upon the volume of responsive documents identified during the initial review, the Department

estimates that it will take between 60 and 90 days to identify those documents that are not

privileged or subject to some other concern regarding their confidentiality or classification, and

that might be released in response to plaintiffs' subpoena.  Id.

## CONCLUSION

For the reasons stated herein, the Department of State respectfully submits that plaintiffs'

Motion to Compel should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General, Civil Division

KENNETH L. WAINSTEIN
United States Attorney

ARTHUR R. GOLDBERG
Assistant Director, Federal Programs Branch

_____/s/ Rupa Bhattacharyya_____
RUPA BHATTACHARYYA (VA# 38877)
Senior Trial Counsel
Federal Programs Branch, Civil Division
United States Department of Justice
P.O. Box 883, 20 Massachusetts Ave., N.W.
Washington, D.C.  20044
Tel:  (202) 514-3146
Fax:  (202) 318-7593
Email:  **rupa.bhattacharyya@usdoj.gov**

Dated:  March 21, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2004, a copy of the foregoing Memorandum of the U.s.

Department of State in Opposition Motion to Compel Compliance with a Rule 45 Subpoena, was

served upon counsel of record by electronic mail, facsimile, and first-class U.S. mail, postage

prepaid, addressed as follows:

      Tara M. Lee, Esq.
      Cooley Godward LLP
      One Freedom Square
      Reston Town Center
      11951 Freedom Drive
      Reston, VA  20190-5656

           _____/s/ Rupa Bhattacharyya_____
           RUPA BHATTACHARYYA (VA# 38877)
           Senior Trial Counsel
           Federal Programs Branch, Civil Division
           United States Department of Justice
           P.O. Box 883, 20 Massachusetts Ave., N.W.
           Washington, D.C.  20044
           Tel:  (202) 514-3146
           Fax:  (202) 318-7593
           Email:  **rupa.bhattacharyya@usdoj.gov**